1116

## Sam EVANS v. STATE.
### No. 15310.

Court of Criminal Appeals of Texas.
April 27, 1932.

T. R. Florey, Jr., of Mt. Pleasant, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The offense is robbery; penalty assessed at confinement in the penitentiary for fifteen years.

The indictment appears regular and regularly presented. There are no complaints of the rulings of the trial court upon the admission of evidence, or other matters of procedure brought forward by bills of exception.

Save in the entry of the judgment, no fault in the procedure has been perceived. The judgment and sentence will be reformed so as to conform to the Indeterminate Sentence Law (article 775, C. C. P.), by virtue of which the appellant should be condemned to suffer confinement in the State Penitentiary for a period of not less than five nor more than fifteen years.

As reformed, the judgment will be affirmed.

## Onaffre FERNANDEZ v. STATE.
### No. 15174.

Court of Criminal Appeals of Texas.
April 27, 1932.

J. G. Minkert, of Bryan, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for murder; punishment, ten years in the penitentiary.

No bills of exception are brought forward complaining of any proceeding during the trial. The charge of the court was not objected to in any particular. The statement of facts seems to leave no doubt of appellant's guilt. He and a girl occupied a room in a rooming house in the city of Bryan. Appellant did not testify, but through other witnesses raised an issue that deceased and his companion were making some improper advances towards the girl and were threatening to put appellant out of the room. The court gave appellant a fair charge defining his right to expel deceased from the room and the force he might properly use in effecting such expulsion, in which the jury was told if appellant killed deceased in defending the possession of the room appellant would not be guilty. The jury was further told that appellant had the right to defend the girl against any threatened assault, and that if the killing occurred in protection of her it would be justified. The jury settled these issues of fact in favor of the state and the evidence seems ample to support the jury's conclusion. We see no necessity of setting out the evidence in detail in this opinion. However, the facts have had careful scrutiny to see if they support the judgment. In our opinion they do.

The judgment is affirmed.

## EMMETT FORRESTER v. STATE.
### No. 15321.

Court of Criminal Appeals of Texas.
April 13, 1932.

Sam H. Townsend, of Lufkin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The conviction is for robbery; penalty assessed at confinement in the penitentiary for ten years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.